NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

PAUL LEVON TIGGS II, *Petitioner.*

No. 1 CA-CR 15-0229 PRPC
FILED 4-11-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2011-114702-001
The Honorable Joseph C. Welty, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton Jr.
*Counsel for Respondent*

Rosenstein Law Group PLLC, Scottsdale
By Craig J. Rosenstein
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**D O W N I E,** Judge:

¶1        Paul Levon Tiggs II petitions for review from the denial of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32. For the following reasons, we grant review but deny relief.

¶2        A jury convicted Tiggs of two counts of attempted voyeurism and one count of stalking. The superior court suspended sentence and placed Tiggs on probation for ten years. This Court affirmed Tiggs's convictions and disposition. *State v. Tiggs*, 1 CA-CR 12-0373, 2013 WL 5503686 (Ariz. App. Oct. 1, 2013) (mem. decision).

¶3        Tiggs thereafter filed a timely petition for post-conviction relief, arguing that his appellate counsel provided ineffective assistance and that the offense of voyeurism, as defined in Arizona Revised Statutes ("A.R.S.") section 13-1424, is unconstitutionally vague. Tiggs further moved to have the judge who presided over his trial and sentencing transfer the post-conviction relief proceeding to another judge. The court denied the motion to transfer, and, finding that Tiggs had failed to present a colorable claim of ineffective assistance of appellate counsel, summarily dismissed the petition for post-conviction relief.

¶4        In his petition for review, Tiggs challenges the superior court's rulings on both the petition for post-conviction relief and the motion for transfer. We review the dismissal of a petition for post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). We may uphold the trial court's ruling "on any basis supported by the record." *State v. Robinson*, 153 Ariz. 191, 199 (1987).

¶5        In dismissing the petition, the superior court issued a detailed ruling that clearly identified, fully addressed, and correctly resolved the claims of ineffective assistance of appellate counsel. The court did so in a thorough, well-reasoned manner that will allow any future court to understand its ruling. Under these circumstances, "[n]o useful purpose

would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993).

¶6      As for the claim that A.R.S. § 13-1424 is unconstitutionally vague, Tiggs is precluded from raising this issue in a post-conviction relief proceeding because it was not presented on appeal. Ariz. R. Crim. P. 32.2(a). Although the superior court did not expressly label this claim precluded, "any court on review of the record may determine and hold that an issue is precluded regardless of whether the State raises preclusion." Ariz. R. Crim. P. 32.2(c). The superior court could have found, and we do find, that the vagueness challenge is precluded because it was not raised on appeal. *See State v. Bolton*, 182 Ariz. 290, 298 (1995) ("Failure to argue a claim on appeal constitutes waiver of that claim."); *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995) (issues waived on appeal cannot be resurrected in later post-conviction proceeding).

¶7      Nor did the superior court err by denying Tiggs's motion for transfer. Rule 32.4 states that a post-conviction relief proceeding "shall be assigned to the sentencing judge where possible," except "[i]f it appears that the sentencing judge's testimony will be relevant." Ariz. R. Crim. P. 32.4(e). Because Tiggs's petition was properly dismissed without the need for an evidentiary hearing, the court did not abuse its discretion in determining that the trial judge's testimony would be neither relevant nor necessary in resolving the petition.

## CONCLUSION

¶8      For the reasons stated, we grant review but deny relief.

