905 P.2d 1377

**STATE of Arizona, Respondent,**

v.

**Daniel Mark HERRERA, Petitioner.**

**No. 1 CA–CR 94–0664–PR.**

Court of Appeals of Arizona,
Division 1, Department E.

Oct. 17, 1995.

Terence C. Hance, Coconino County Attorney by Richard S. Vihel, Deputy County Attorney, Flagstaff, for Respondent.

Daniel Mark Herrera, Chandler, Petitioner in pro. per.

## OPINION

TOCI, Judge.

Daniel Mark Herrera ("defendant") seeks review of the trial court's denial of his petition for post-conviction relief under Rule 32, Arizona Rules of Criminal Procedure ("Rule

32"). We hold that a trial court has jurisdiction under Rule 32 to determine a claim of ineffective assistance of *appellate* counsel. Furthermore, in this case, the trial court did not err in dismissing that claim nor in denying defendant's allegations that (1) he received ineffective assistance of trial counsel, (2) perjured testimony had been introduced at trial, and (3) nondisclosure of a confidential informant prejudiced his defense.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The grand jury indicted defendant and charged him with one count of transportation of more than one pound of marijuana for sale, a class 2 felony, and one count of possession of more than one pound of marijuana for sale, a class 3 felony. A jury found defendant guilty of the latter charge.

Juventino Ruiz, a co-defendant, was tried on similar charges. Ruben Villegas, a prosecution witness in both trials, pled guilty to possession of marijuana for sale in exchange for a stipulated sentence of ten years imprisonment.

The trial court sentenced defendant to a mitigated term of five years imprisonment enhanced by a prior felony conviction for endangerment and by former Ariz.Rev.Stat. Ann. ("A.R.S.") section 13–604(M) (1989) because he committed the drug offense while on pre-trial release for the endangerment charge.[1]

Defendant appealed the conviction and sentence. Appellate counsel argued that the trial court erred in denying defendant's motion to suppress evidence and in enhancing his sentence pursuant to A.R.S. section 13–604.02. This court affirmed the conviction but deleted the erroneous reference to A.R.S. section 13–604.02 in the sentencing minute entry. *State v. Herrera*, 1 CA–CR 91–1216, Memo.Dec. at 6 (Feb. 3, 1993). Appellate counsel unsuccessfully sought review in the

Arizona Supreme Court of the denial of the motion to suppress.

In October 1992, defendant initiated this Rule 32 proceeding. He raised numerous claims, including ineffective assistance of both appellate and trial counsel as well as newly-discovered evidence that Villegas has perjured himself at defendant's trial. The trial court ruled that it was without jurisdiction to determine the claim of ineffective assistance of appellate counsel, held an evidentiary hearing on the effectiveness of trial counsel, and summarily dismissed the remaining claims.

At the evidentiary hearing, defendant argued that trial counsel was ineffective in failing to secure the testimony of Librado Mondragon. Mondragon had testified at Ruiz's trial under a grant of immunity and, defendant contended, would have aided his defense by contradicting Villegas' account of the marijuana sale. Defendant also argued that trial counsel was ineffective in failing to subpoena telephone records that would have shown that numerous calls were made from Ruiz's residence around the time of the offenses. The trial court entered findings of fact and conclusions of law and denied defendant's claims.

Defendant, *in propria persona*, filed a petition for review under Rule 32.9(c), asserting that the trial court erred:

1. in dismissing his claim of ineffective assistance of appellate counsel;

2. in denying his claims of ineffective assistance of trial counsel;

3. in dismissing his claim of newly-discovered evidence of perjury; and

4. in dismissing his claim that the trial court erred in failing to disclose the identity of a confidential informer.[2]

The state filed a response to the petition for review, arguing that the petition was untimely.

---

1. Subsequently, pursuant to a petition for post-conviction relief not at issue here, defendant was resentenced to a mitigated term of four years imprisonment, plus a two-year enhancement under A.R.S. section 13–604(M).

2. In his petition for review, defendant also claims that insufficient evidence supported his conviction for the offense. Our analysis of the allegation of ineffective assistance of appellate counsel disposes of this issue.

## II. DISCUSSION

### A. Timeliness of the Petition for Review

The state relies on Rule 32.9(c) to argue that defendant's petition is untimely because his counsel failed to file the petition within thirty days of the trial court's March 1, 1994 minute entry denying post-conviction relief. The March 1 minute entry, however, did not contain the trial court's dispositive ruling. The court rendered its "final decision" with findings of fact and conclusions of law on March 24, 1994. On April 25, 1994, defendant's counsel timely filed a motion for extension of time to allow defendant to file a petition for review *in propria persona.* By minute entry dated May 26, 1994, the trial court granted that motion and allowed defendant thirty days to file a petition for review. *See State v. Pope,* 130 Ariz. 253, 256, 635 P.2d 846, 849 (1981) (Rule 32.9 time limits are not jurisdictional).

■ The state also argues that defendant's *pro per* petition for review was untimely. Again, we disagree. Because the trial court mailed to defendant the minute entry granting the extension of time, defendant was entitled to an additional five days to comply with the court's order. *See* Rule 1.3; *State v. Savage,* 117 Ariz. 535, 536, 573 P.2d 1388, 1389 (1978). Thus, his petition, filed June 29, 1994, was timely.

Additionally, we reject the argument that defendant improperly filed the petition for review in the trial court. Rule 32.9(c) states, in pertinent part, "The petition for review ... shall be filed with the trial court."

### B. Ineffective Assistance of Appellate Counsel

#### 1. Trial Court Jurisdiction

■ Due process requires that a defendant receive effective assistance of counsel in exercising his right of appeal. *See Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985); *State v. Berlat,* 146 Ariz. 505, 509, 707 P.2d 303, 307 (1985). The state successfully argued below, however, that the trial court lacked jurisdiction to consider an allegation of ineffective assistance of appellate counsel in a petition for post-conviction relief. Although this court has previously addressed ineffectiveness claims in reviewing Rule 32 proceedings, we have never explicitly considered whether a defendant properly addresses such a claim to the trial court in a post-conviction proceeding. *See State v. Alford,* 157 Ariz. 101, 754 P.2d 1376 (App.1988); *State v. Stanley,* 123 Ariz. 95, 597 P.2d 998 (App.1979).

■ A defendant must assert "substantive grounds which bring him within the provisions of the rule in order to be entitled to any relief." *State v. Manning,* 143 Ariz. 139, 141, 692 P.2d 318, 320 (App.1984). One of the grounds for relief enumerated in Rule 32.1(a) is, "[t]he conviction or the sentence was in violation of the Constitution of the United States or of the State of Arizona." We must consider whether a constitutional violation in the conviction or sentencing proceedings encompasses deficient representation on appeal.

Courts in other jurisdictions have reached differing conclusions on whether a claim of ineffective assistance of appellate counsel is properly raised in the trial court. A majority has determined that such a claim must be presented to the appellate court with jurisdiction over the appeal. *United States v. Winterhalder,* 724 F.2d 109, 111 (10th Cir. 1983); *Rivera v. United States,* 477 F.2d 927, 928 (3rd 1973); *Watson v. United States,* 536 A.2d 1056, 1059–61 (D.C.1987), *cert. denied,* 486 U.S. 1010, 108 S.Ct. 1740, 100 L.Ed.2d 203 (1988); *Smith v. State,* 400 So.2d 956, 960 (Fla.1981); *Commonwealth v. Wine,* 694 S.W.2d 689, 694 (Ky.1985); *Hemphill v. State,* 566 S.W.2d 200, 207–08 (Mo.1978); *People v. Bachert,* 509 N.E.2d 318, 319 (N.Y. 1987); *State v. Murnahan,* 584 N.E.2d 1204, 1208 (Ohio 1992); *State v. Knight,* 168 Wis.2d 509, 484 N.W.2d 540, 544–45 (1992). The Wisconsin Supreme Court summarized the basis for this viewpoint as follows:

These courts view the postconviction remedy in the trial courts as designed to set aside a sentence only for infirmities arising during the trial proceedings. If the trial court concludes that the defendant's claim of ineffective assistance of counsel is meritorious, the trial court proceeding results in an order setting aside the appellate

decision, not in an order setting aside the trial proceedings. These courts therefore conclude that a motion to the trial court for postconviction relief is not suitable for a defendant's claim of ineffective assistance of appellate counsel.

*Knight*, 484 N.W.2d at 543.

■ Despite this contrary authority, we join a significant minority and hold that an allegation of ineffective assistance of counsel is encompassed within Rule 32.1 as a claim that a defendant's "conviction or ... sentence was in violation of the Constitution of the United States or the State of Arizona." *See United States v. Pearce*, 992 F.2d 1021, 1023 (9th Cir.1993); *Page v. United States*, 884 F.2d 300, 301–02 (7th Cir.1989); *Mack v. Smith*, 659 F.2d 23, 25–26 (5th Cir.1981); *United States v. DeFalco*, 644 F.2d 132, 137 (3rd Cir.1979); *Wilson v. State*, 284 Md. 664, 399 A.2d 256, 264 (1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1858, 64 L.Ed.2d 275 (1980); *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468, 475 (1977).

We do not agree with the majority rule that a trial court's assessment of appellate counsel's performance usurps an appellate court function. In *Wilson*, for example, the Maryland Court of Appeals held that a trial court could consider the issue under a post-conviction relief statute which, like our Rule 32, permitted a defendant to challenge "his sentence upon claim that it was in violation of the federal constitution or the constitution or laws of Maryland." *Wilson*, 399 A.2d at 262. The court stated that claims of ineffective assistance of appellate counsel were not errors relating to "the appellate stage of criminal proceedings ... but rather are errors relating to the validity of the original judgment...." *Id.* at 262–63; *see also Sullivan*, 371 A.2d at 475. ("In determining whether appellate counsel was effective, the [trial] court passes not on our decision, but only on the conduct of the counsel who presented the appeal."); *Page*, 884 F.2d at 302 (footnote omitted).

■ Further, these cases appropriately recognize that the trial court is better equipped to resolve the factual disputes that frequently underlie assertions of ineffective

assistance of counsel. For example, the Pennsylvania Supreme Court stated:

> When deciding a claim of ineffective appellate counsel, the hearing court must determine if the course chosen by counsel had some reasonable basis designed to effect the client's interests. Because this decision requires an examination of counsel's stewardship of the appeal in light of the available alternatives, it often will be necessary to call counsel whose assistance is challenged as ineffective so he may explain the decisions he made in the course of the appeal. Furthermore, both the petitioner and the Commonwealth may wish to call additional witnesses and present other evidence relevant to the petitioner's claim. *For this reason, the statute wisely requires petitioner to present all claims for relief to a trial court which has the facilities to hear and make findings of fact. The structure and function of an appellate court precludes it from being an initial factfinder.*

*Sullivan*, 472 Pa. 129, 371 A.2d at 474–75 (citations omitted) (emphasis added); *accord Page*, 884 F.2d at 302 ("district courts are the best forums to conduct any inquiries into counsel's strategic decisions that may prove necessary"); *Wilson*, 399 A.2d at 262. Like the Pennsylvania statute at issue in *Sullivan*, Rule 32 delegates the factfinding function to the trial court. *See* Rule 32.8. Factfinding by the trial court does not usurp this court's function because any findings of fact and conclusions of law remain subject to our review by a petition for review. *See* Rule 32.9(c); *Sullivan*, 472 Pa. 129, 371 A.2d at 475.

Finally, we note that Rule 32 "displaces and incorporates all trial court post-trial remedies except post-trial motions and habeas corpus." Rule 32.3. Construing Rule 32.1 to include claims of ineffective assistance of appellate counsel is consistent with the stated purpose the Arizona Rules of Criminal Procedure in consolidating state post-conviction procedures "into a single comprehensive remedy." Rule 32.1 cmt. (1987). Thus, even if we were to identify an alternate vehicle for advancing claims of ineffective assistance of appellate counsel in this court, recognizing an

exception to Rule 32 would frustrate a principal goal of that rule.

### 2. The Merits of Defendant's Ineffectiveness Claim

In the petition for post-conviction relief, defendant contended that his claim was colorable and thus entitled him to an evidentiary hearing. Among other things, he asserted, "appellate counsel was ineffective for failing to raise other than the most glaring, basic issues on appeal and [defendant] was prejudiced by counsel's failure to prepare a thorough, diligent brief raising all claims that contained merit for appellate purposes." In support of this assertion, defendant's Rule 32 counsel submitted a draft opening brief containing additional arguments that could have been raised either at trial or by post-trial motion but were not. The issues were that the indictment was defective; that the trial court abused its discretion in denying motions for a directed verdict, new trial, and to force disclosure of notes taken by the prosecution during a meeting with Villegas; and that the trial court erred in refusing to give two requested jury instructions.

■ A petition for post-conviction relief is addressed to the sound discretion of the trial court. *State v. Schrock,* 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986). The court should grant a hearing on the question of ineffectiveness of appellate counsel if it finds the claim to be colorable; that is, one which, if true, "might have changed the outcome." *Id.* But in order to be colorable, the petition "must raise some factors that demonstrate that the attorney's representation fell below the prevailing objective standards." *State v. Borbon,* 146 Ariz. 392, 399, 706 P.2d 718, 725 (1985). Additionally, the petitioner must offer evidence of a reasonable probability that but for counsel's unprofessional errors, the outcome of the appeal would have been different. *See State v. Lee,* 142 Ariz. 210, 214, 689 P.2d 153, 157 (1984). This dual-pronged test was adopted by our supreme court from *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ "[T]he determination of what issues are appealable in view of the trial record is a matter of [appellate] counsel's judg-ment...." *Stanley,* 123 Ariz. at 106, 597 P.2d at 1009. Our supreme court has never held that counsel must raise every possible or even meritorious issue on appeal. The "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray,* 477 U.S. 527, 536, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986) (quoting *Jones v. Barnes,* 463 U.S. 745, 751–52, 103 S.Ct. 3308, 3312–3313, 77 L.Ed.2d 987 (1983)).

■ For this reason, appellate counsel is responsible for evaluating the trial record and for determining the most promising issues to present. Appellate counsel is not ineffective for selecting some issues and rejecting others. Once the issues have been narrowed and presented, appellate counsel's waiver of other possible issues binds the defendant, and those waived issues cannot be resurrected in post-conviction proceedings. *Alford,* 157 Ariz. at 102–03, 754 P.2d at 1377–78. "To consider [these] claims on their merits would be to afford the defendant a second appeal. Any defendant could present some claims on the appeal. Then, having lost his appeal, a defendant could argue ineffective assistance of appellate counsel, alleging counsel failed to raise other claims." *Id.* at 103, 754 P.2d at 1378.

■ Thus, in the absence of evidence that the failure to raise additional issues fell below prevailing professional norms and would have changed the outcome of the appeal, defendant's claim is not colorable. Here, defendant did not supply any evidence that appellate counsel's failure to have raised the additional possible issues fell below prevailing professional standards or was other than intentional selection of the most promising issues. Neither did he submit any evidence from which the court could reasonably conclude that had the other issues been raised, we would have resolved the appeal any differently.

Although the trial court erred in determining that it lacked jurisdiction to decide the claim of ineffective assistance of appellate counsel, it did not err in dismissing that

claim. Having concluded that the trial court erred in refusing to rule on the ineffectiveness of appellate counsel, we review defendant's allegations regarding trial counsel's performance.

## C. Ineffective Assistance of Trial Counsel

Following the evidentiary hearing, the trial court concluded that defendant failed to show that he had been prejudiced by his counsel's failure to secure Mondragon's testimony. The court found that Mondragon's testimony was cumulative and would have confirmed information in Villegas' testimony or perhaps impeached the latter. The court concluded that although Mondragon's testimony might bear on Villegas' culpability as the "main actor in the drug transaction," it "was not all that relevant because the jury didn't fully believe him [Villegas] anyway."

We review a trial court's factual findings for clear error. *State v. Cuffle,* 171 Ariz. 49, 51, 828 P.2d 773, 775 (1992). Defendant contended that Mondragon's testimony was important to his defense because it suggested that Villegas, contrary to his own testimony, was primarily responsible for the marijuana sale. The court correctly reasoned that the impeachment value of Villegas was slight because he did not directly implicate defendant in the sale. The state's prosecution of defendant as an accomplice was based on defendant's delivery of a scale to Ruiz's house and on Villegas' testimony that defendant and Ruiz conferred about the sale. Although Mondragon testified that Villegas was very much involved in the actual sale of marijuana, he did not contradict Villegas regarding defendant's prior involvement.

Similarly, we find no clear error in the trial court's finding that counsel's failure to subpoena records for Ruiz's telephone did not prejudice defendant. While those records may have shown Ruiz's involvement in the offenses, they would not disprove defendant's involvement as an accomplice.

## D. Other Claims

In the petition for post-conviction relief, defendant asserted that the trial record, as well as Mondragon's testimony at Ruiz's trial, demonstrated that Villegas perjured himself at trial. Although defendant's petition for review restates the perjury allegation, in a different form, we find that the issue was abandoned by Rule 32 counsel at the time of the evidentiary hearing.

Prior to Villegas' testimony at the evidentiary hearing, counsel stated, "depending upon Mr. Villegas' testimony, we still may be going forward on the fact that perjured testimony of some form was given at Mr. Herrera's trial." After hearing the testimony, counsel made no reference to the perjury claim in closing argument. From this apparent abandonment before the trial court, we deem the question of Villegas' perjury beyond our review. *See State v. Carver,* 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim."); *State v. Wagstaff,* 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App.1988) (this court will not review meritorious issues not presented to trial court in motion for rehearing from denial of post-conviction relief).

Finally, defendant asserts that the trial court erred in denying his pre-trial motion to reveal the identity of a confidential informant. Information from that source led to a search of Ruiz's residence, where police learned about the sale of marijuana. *Herrera,* Memo.Dec. at 2. The informant did not testify at trial, however, and defendant alleged no facts in this proceeding to show that disclosure was necessary to protect his constitutional rights. *See* Rule 15.4(b)(2).

## III. CONCLUSION

We grant review of the petition for review but deny relief from the trial court's denial of post-conviction relief.

McGREGOR, P.J., and GERBER, J., concur.