NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*

*v.*

CLIFFORD ALLEN FOLLANSBEE, *Petitioner*.

No. 1 CA-CR 13-0121 PRPC
FILED 06-03-2014

---

Petition for Review from the Superior Court in Coconino County
No. CR2006-1045
The Honorable Dan R. Slayton, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Coconino County Attorney's Office, Flagstaff
By David W. Rozema
*Counsel for Respondent*

Clifford Allen Follansbee, Florence
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones, Judge Margaret H. Downie, and Judge
Donn Kessler delivered the following decision of the Court.

---

**PER CURIAM**:

¶1          Clifford Allen Follansbee petitions this Court for review of the dismissal of his petition for post-conviction relief. For the following reasons, we grant review and deny relief.

¶2          A jury convicted Follansbee of seven counts of sexual assault, seven counts of sexual conduct with a minor, seventeen counts of sexual exploitation of a minor and one count each of kidnapping and obstructing criminal investigations or prosecutions. The trial court sentenced him to an aggregate term of 256 years' imprisonment and this Court affirmed his convictions and sentences on direct appeal. *State v. Follansbee*, 1 CA-CR 08-0146, 2009 WL 2263304 (Ariz. App. Jul. 28, 2009). Follansbee now seeks review of the summary dismissal of his second petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3          Follansbee argues appellate counsel was ineffective in failing to argue on appeal that the trial court was biased against Follansbee. Follansbee argues bias was evident from the court's statement at sentencing regarding a photograph admitted into evidence. The court stated that the photograph, which depicted the victim naked and crying, reminded the court of a famous photograph of a child who was the victim of a napalm attack during the Vietnam War. Follansbee further argues the court's alleged bias affected various rulings during trial.

¶4          To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984), *superseded by statute on other grounds*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214. To establish prejudice, a defendant must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

¶5          We deny relief. "Appellate counsel is not ineffective for selecting some issues and rejecting others." *State v. Febles*, 210 Ariz. 589, 596, ¶ 19, 115 P.3d 629, 636 (App. 2005). Appellate counsel is not required to raise every meritorious issue. *State v. Herrera*, 183 Ariz. 642, 647, 905 P.2d 1377, 1382 (App. 1995). The "strategic decision to winnow out weaker arguments on appeal and focus on those more likely to prevail is an acceptable exercise of professional judgment." *Febles*, 210 Ariz. at 596,

¶ 20, 115 P.3d at 636 (internal citation and quotation marks omitted). "Once the issues have been narrowed and presented, appellate counsel's waiver of other possible issues binds the defendant. Absent any evidence that the failure to raise an issue fell below prevailing professional norms and would have changed the outcome of the appeal, the claim is not colorable." *Id.* at ¶ 19 (internal citation and quotation marks omitted). Follansbee offers no evidence appellate counsel's conduct fell below professional norms in failing to argue on appeal that the trial court became biased upon viewing an unsettling picture of the victim. He has also failed to present any evidence that the outcome of the appeal would have been different had counsel raised the issue.

**¶6** While the petition for review presents additional issues, Follansbee did not raise those issues in the petition for post-conviction relief filed below. A petition for review may not present issues not first presented to the trial court. Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991).

**¶7** For the reasons stated, we grant review and deny relief.

