NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

FREDRICK ANGUS MILLER, JR., *Petitioner.*

No. 1 CA-CR 13-0352 PRPC

FILED 11-13-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2010-104092-001
The Honorable Susan M. Brnovich, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

Fredrick Angus Miller, Jr., Florence
*Petitioner In Propria Persona*

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kenton D. Jones joined.

**B R O W N, Judge**:

¶1          Fredrick Angus Miller, Jr. petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2          A jury convicted Miller of kidnapping, aggravated assault, robbery and seven counts of sexual assault. The trial court sentenced Miller to an aggregate term of 87.25 years' imprisonment and this court affirmed his convictions and sentences on direct appeal. *State v. Miller*, 1 CA-CR 11-0283, 2012 WL 461426, (Ariz. App. Feb. 14, 2012) (mem. decision). Miller filed a pro se petition for post-conviction relief after his counsel found no colorable claims for relief. The trial court summarily dismissed the petition and Miller now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3          Miller argues both his trial and appellate counsel were ineffective. To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Regarding ineffective assistance of appellate counsel, appellate counsel is not required to "raise every possible or even meritorious issue on appeal." *State v. Herrera*, 183 Ariz. 642, 647, 905 P.2d 1377, 1382 (App. 1995). "Once the issues have been narrowed and presented, appellate counsel's waiver of other possible issues binds the defendant. Absent any evidence that the failure to raise an issue fell below prevailing professional norms and would have changed the outcome of the appeal, the claim is not colorable." *State v. Febles*, 210 Ariz. 589, 596, ¶ 19, 115 P.3d 629, 636 (App. 2005)(internal citation omitted).

¶4          Miller first argues his trial counsel should have objected to evidence of the victim's chastity pursuant to Arizona Revised Statutes ("A.R.S.") section 13-1421, otherwise known as "The Arizona Rape Shield Law." *State v. Gilfillan*, 196 Ariz. 396, 400-01, ¶¶ 15-16, 998 P.2d 1069, 1073-74 (App. 2000). We deny relief on this issue because Miller has failed to present a colorable claim. Section 13-1421 prohibits the admission of evidence relating to a victim's "reputation for chastity and opinion evidence relating to a victim's chastity" unless offered for one of five exceptions. The State offered no such evidence. The victim testified that

when Miller sexually assaulted her, she pleaded with him, "Please don't do this. I'm Mormon. I'm a virgin. I don't want to do it." The purpose of A.R.S. § 13-1421 is "to protect victims of rape from being exposed at trial to harassing or irrelevant questions concerning any past sexual behavior." *Giflillan*, 196 Ariz. at 400-01, ¶ 15, 998 P.2d at 1073-74. It does not prevent the admission of what the victim told her attacker during a series of sexual assaults. Trial counsel had no basis to object to the victim's testimony pursuant to A.R.S. § 13-1421.

**¶5** Miller next argues his appellate counsel should have raised an issue on appeal regarding the admission of evidence that Miller was on probation when he committed the offenses. The trial court held that testimony of Miller's probation officer was admissible in the State's rebuttal case to rebut Miller's claim he was a drug dealer who lived in motels and who engaged in consensual sex with the victim in exchange for drugs. The court further held that because the jury already knew Miller had been convicted of a criminal offense only weeks before the charged offenses, to further inform the jury that he was on probation as one part of this rebuttal evidence was not unfairly prejudicial.

**¶6** We deny relief on this issue because Miller has failed to state a colorable claim. The jury already knew Miller had been convicted of a criminal offense just before he committed the instant offenses. Miller does not argue appellate counsel should have challenged the admission of evidence of that conviction. To further inform the jury that Miller was on probation was not unfairly prejudicial under the circumstances and was not reversible error. Therefore, appellate counsel's performance did not fall below objectively reasonable standards when she failed to challenge the admission of this evidence on appeal, and Miller suffered no prejudice.

**¶7** Finally, Miller argues his appellate counsel was ineffective when she failed to allege on appeal that the prosecutor engaged in three instances of prosecutorial vouching. "Two forms of impermissible prosecutorial vouching exist: (1) when the prosecutor places the prestige of the government behind its witness, and (2) where the prosecutor suggests that information not presented to the jury supports the witness's testimony." *State v. Bible*, 175 Ariz. 549, 601, 858 P.2d 1152, 1204 (1993) (citation omitted).

**¶8** Miller has again failed to state a colorable claim. Miller first argues the prosecutor should not have argued in closing that the evidence admitted at trial was consistent with the victim's initial disclosure to police. This was not impermissible vouching in any sense. Miller next argues the

prosecutor should not have argued the victim was not a bad person and/or was not a bad person because she was a Mormon and a virgin. Miller misrepresents the prosecutor's argument. The prosecutor told the jury it could consider those two factors, among many, in its determination of what kind of person the victim was, and that this determination was an important part of their consideration of the case. This was not vouching.

¶9 Finally, Miller argues the prosecutor should not have argued the victim is one of the "good ones." Miller takes the prosecutor's statement out of context. Again, Miller claimed the victim engaged in consensual sex with him for drugs. The prosecutor merely reiterated how the victim's orchestra teacher testified that there were good kids and bad kids, and that in her experience as a teacher, the victim was one of the "good" ones. To restate the testimony of a witness in this manner and in this context was not impermissible vouching.

¶10 Based on the foregoing, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh