NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DAVID LEE LAMB, *Petitioner*.

No. 1 CA-CR 16-0316 PRPC
FILED 7-13-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2009-006230-001
The Honorable Danielle J. Viola, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Karen Kemper
*Counsel for Respondent*

David Lee Lamb, Winslow
*Petitioner*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

B E E N E, Judge:

¶1         Petitioner David Lee Lamb petitions this court for review from the dismissal of his petition for post-conviction relief.  We have considered the petition for review, and for the reasons stated, grant review and deny relief.

¶2         A jury convicted Lamb of possession of marijuana and possession of narcotic drugs.  He appealed and his convictions were conditionally affirmed.  The case was remanded to the trial court to conduct an evidentiary hearing on Lamb's motion to suppress the evidence due to an illegal stop, detention and arrest.  *State v. Lamb*, 1 CA-CR 09-0622, 2011 WL 3586418 (Ariz. Ct. App. Aug. 16, 2011) (mem. decision).  After an evidentiary hearing, the trial court denied Lamb's request for suppression.  Lamb appealed and this court affirmed.  *State v. Lamb*, 1 CA-CR 12-0326, 2013 WL 3515129 (Ariz. Ct. App. Jul. 9, 2013) (mem. decision).  This court ruled that the officers had probable cause to arrest Lamb on drug trafficking, that the officers had reasonable suspicion to stop and detain him, that the detention was reasonable, and that the trial court did not abuse its discretion in denying Lamb's motion to suppress.  This court also upheld the admission of summaries of intercepted calls into evidence, finding no abuse of discretion in admitting them over counsel's objection.

¶3         Lamb then filed a petition for post-conviction relief.  Finding no colorable claims, the trial court summarily dismissed his petition, and this timely petition for review followed.  In the petition for review, Lamb enumerated thirteen different claims, falling into categories of ineffective assistance of trial and appellate counsel, prosecutorial misconduct and destruction of evidence, perjury of a witness, and error by this court and the trial court regarding his motion to suppress.

¶4        Lamb is precluded from relief based on any claim that was or could have been raised on appeal. *See* Ariz. R. Crim. P. 32.2(a)(2).  He is also precluded from relief on issues that were waived at trial or on appeal. Ariz. R. Crim. P. 32.2(a)(3).  This court already decided issues regarding the trial court's ruling on suppression of the evidence and the introduction of the call summaries.   Likewise, Lamb's claims as to prosecutorial misconduct, perjury of a witness (i.e., credibility) and destruction of evidence are waived by his failure to raise them on appeal.  Thus, these claims are precluded.  To the extent that he attempts to revive them by claiming ineffective assistance of counsel, Lamb cites no relevant legal authority, or sufficient facts to support his claims.

¶5        Likewise, Lamb's claims of ineffective assistance of trial or appellate counsel are meritless.  Appellate counsel is not required to raise every possible or even meritorious issue on appeal. *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995).   The petitioner must offer evidence of a reasonable probability that, but for counsel's failure to raise the issue, the outcome of the appeal would have been different. *Id.* The strategic decision to winnow out weaker arguments on appeal and focus on those more likely to prevail is an acceptable exercise of professional judgment. *State v. Febles*, 210 Ariz. 589, 596, ¶19 (App. 2005) (citation and quotations omitted).  Lamb asserts his appellate counsel was ineffective for not challenging the interception of a call (leading to probable cause to arrest), the introduction of summaries of the calls, not moving to suppress the evidence of the wiretap, failing to challenge the use of an "updated" photo/photo sheet in the evidentiary hearing, and not challenging the introduction of a "probable cause" packet which no longer existed.

¶6        A review of the briefs in *State v. Lamb*, 1 CA-CR 12-0326, shows detailed briefing on the issues relating to what occurred at the trial court, including the introduction of the summaries.  The choice not to argue issues regarding the wiretap and the interception of the calls were a strategic choice by counsel based upon the lack of record on the issue in the trial court.  No objections regarding the "updated" photo and introduction of the probable cause packet were made at the trial court and thus were not preserved.  We do not find that appellate counsel's strategic choices were ineffective or created prejudice.

¶7　　　　To the extent that Lamb's claims against his trial counsel overlap with those of the introduction of the call summaries, the use of the updated photo and the "probable cause" packet, we note that trial counsel objected to the summaries and cross-examined on the issues relating to the stop, detention and arrest, including the photo and packet. Again, Lamb has not established either that counsel's choices or examination were deficient, or that he was prejudiced. We also find no merit to Lamb's claims that trial counsel, in addition to challenging the stop, detention and arrest itself, should have also moved to suppress the call(s) and the wiretap which resulted in the intercepted calls. To show prejudice from ineffective assistance of counsel, the defendant is required to show a reasonable likelihood that a motion to suppress would have succeeded. *State v. Berryman*, 178 Ariz. 617, 622 (App. 1994). Lamb refers to no facts in the record to support the contention that it could have changed the result in his case. Although Lamb refers to the "application for Chambers wiretap" and "boilerplate" language, he attaches no supporting documentation for his conclusory and speculative claim. We do not find that counsel's choices fall far below the standard for competent counsel, or that Lamb suffered prejudice.

¶8　　　　Lamb also claims his trial counsel was ineffective for not calling Chambers, the alleged drug supplier, and Curry, the alleged courier, both co-defendants in a separate case, to testify on the motion to suppress. Lamb attached an affidavit from Chambers in support of his claim. He did not attach one from Curry. The affidavit purportedly contradicts police testimony, stating that their conversation was about a "jacket" owned by Lamb, not about drugs. The affidavit was received by his appellate counsel, not his trial counsel, well after the matter had been submitted to this court. Therefore, neither trial nor appellate counsel could have raised the issue in a timely manner.

¶9　　　　Under any circumstances, we find no prejudice. The testimony at the suppression hearing clearly indicates the detective, based upon his training and experience, felt the coded conversations related to the sale of drugs, specifically PCP. The call summaries admitted into evidence do not use the word "jacket." As we stated in our decision upholding the trial court, for a review of probable cause, we look to the totality of the facts and circumstances known to police collectively at the time of the arrest. *State v. Lawson*, 144 Ariz. 547, 553 (1985) (internal citations and punctuation omitted). Even assuming Lamb was discussing a "jacket" instead of drugs, it does not negate the officers' reliance on the information at their disposal. Lamb provides insufficient evidence to show the result would be any different if his counsel was apprised of the information.

¶10     Based upon the foregoing reasons, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA