VÁSQUEZ, Presiding Judge:
¶ 1 Randall Smith seeks review of the trial court's order denying, after an evidentiary hearing, his petition for post-conviction relief, filed pursuant to Rule 32, Ariz. R. Crim. P. We grant review and, for the following reasons, grant relief.
¶ 2 After a jury trial, Smith was convicted of attempted production of marijuana of an amount less than two pounds. The trial court suspended the imposition of sentence and placed Smith on an eighteen-month term of probation. His conviction stemmed from the discovery, pursuant to a search warrant, of approximately 130 marijuana plants in his house.
¶ 3 Investigating detectives' initial application for a search warrant was rejected. That affidavit had alleged as a basis for probable cause that Smith's son had told detectives Smith was growing marijuana at the residence, detectives who had knocked at the front door smelled fresh marijuana, a drug-detection dog had alerted while outside the residence, detectives had seen three marijuana plants growing in the backyard, and Smith (who had stated he had a medical-marijuana card) then admitted both growing marijuana at the house and having "something" inside it that was "none of [the detectives'] business." A different judge granted a second warrant application, which included additional information that Smith's water usage was unusually high and that several windows of the house were covered in foam and plastic-like the residence of Smith's son, which also contained marijuana plants.
¶ 4 Smith filed a motion to suppress below, arguing the search warrant affidavit contained false statements concerning his water usage. The trial court denied the motion, finding the remaining information in the warrant affidavit was sufficient to support a finding of probable cause.
¶ 5 On appeal, Smith argued the trial court had erred by denying his suppression motion. In addition to repeating his argument concerning allegations of water usage, he further asserted, for the first time, that the use of the drug-detection dog and the detectives'
*588 entry into the curtilage of his home violated his Fourth Amendment rights. We rejected the argument regarding water usage, but we concluded the use of the drug-detection dog was improper under Florida v. Jardines , 569 U.S. 1, 133 S.Ct. 1409, 185 L.Ed.2d 495 (2013). We further concluded, however, that Smith had not shown resulting prejudice because the remaining information in the search warrant affidavit supported a finding of probable cause. As to the claim detectives had improperly entered the curtilage, we determined the record was not adequate to address that issue because Smith had not raised it below and, thus, could not demonstrate fundamental, prejudicial error on appeal. We affirmed his conviction and the imposition of probation. State v. Smith , No. 2 CA-CR 2013-0166, 2014 WL 1875572 (Ariz. App. May 7, 2014) (mem. decision).
¶ 6 Smith sought post-conviction relief, arguing his trial counsel had been ineffective in failing to argue in the motion to suppress that detectives had violated the Fourth Amendment by entering the curtilage. The trial court held an evidentiary hearing at which Smith's trial counsel testified that he had considered, but declined to raise, an argument based on the detectives' entry into the curtilage. As we understand his testimony, he stated he believed any information in support of probable cause obtained during that entry had been "rejected" by the denial of the first warrant application and the later issuance of a warrant only after detectives had provided additional information. Thus, counsel concluded that information was immaterial to the probable-cause finding and his strongest argument was, therefore, that the warrant affidavit contained false statements about Smith's water usage. Counsel further testified that he usually focused on the stronger available arguments, rather than "diluting" his case with what he perceived were weaker issues.
¶ 7 The trial court denied relief, concluding counsel had made a reasoned, tactical decision to raise what he believed to be the stronger argument in the motion to dismiss that the statements concerning his water usage were false. The court also observed that Smith had "provided no other evidence, such as an expert opinion to the trial court, that demonstrates [trial counsel's] decision ... fell below prevailing professional norms." Because the court determined Smith had not shown counsel's conduct was deficient, it did not address whether Smith had demonstrated prejudice. This petition for review followed.
¶ 8 On review, Smith argues the trial court erred by concluding counsel's conduct did not fall below prevailing professional standards. Smith contends that counsel's testimony demonstrates that he incorrectly believed the curtilage issue had already been decided and that he did not investigate that issue. To prevail, Smith "was required to demonstrate that counsel's conduct fell below prevailing professional norms and that he was prejudiced thereby." State v. Denz , 232 Ariz. 441, ¶ 6, 306 P.3d 98, 100-01 (App. 2013), citing Strickland v. Washington , 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 9 There is "[a] strong presumption" that counsel "provided effective assistance," State v. Febles , 210 Ariz. 589, ¶ 20, 115 P.3d 629, 636 (App. 2005), which Smith must overcome by providing evidence that counsel's conduct did not comport with prevailing professional norms, see State v. Herrera , 183 Ariz. 642, 647, 905 P.2d 1377, 1382 (App. 1995). Moreover, tactical or strategic decisions rest with counsel, State v. Lee , 142 Ariz. 210, 215, 689 P.2d 153, 158 (1984), and we will presume "that the challenged action was sound trial strategy under the circumstances," State v. Stone , 151 Ariz. 455, 461, 728 P.2d 674, 680 (App. 1986). Thus, "[d]isagreements as to trial strategy or errors in trial [tactics] will not support a claim of ineffective assistance of counsel as long as the challenged conduct could have some reasoned basis." State v. Meeker , 143 Ariz. 256, 260, 693 P.2d 911, 915 (1984). Whether counsel "rendered ineffective assistance is a mixed question of fact and law." State v. Pandeli , 242 Ariz. 175, ¶ 4, 394 P.3d 2, 7 (2017), quoting Denz , 232 Ariz. 441, ¶ 6, 306 P.3d at 100-01. Thus, we "defer to the trial court's factual findings but review de novo the ultimate legal conclusion" whether counsel's conduct fell below prevailing professional norms and whether Smith was prejudiced.
*589 Denz , 232 Ariz. 441, ¶ 6, 306 P.3d at 100-01, quoting In re MH2010-002637 , 228 Ariz. 74, ¶ 13, 263 P.3d 82, 86 (App. 2011) ; see also Pandeli , 242 Ariz. 175, ¶ 4, 394 P.3d at 7.
¶ 10 As we noted above, counsel testified that he believed the issuing judge found probable cause based solely on the water usage and presence of window coverings. He further testified that this belief drove his decision to raise only the water-usage claim in the motion to suppress. But counsel's assessment is unsupported by the record, including counsel's own motion to suppress. Counsel stated in that motion that the probable-cause finding was based on all the information provided to the issuing judge. And nothing in the transcript of the warrant application suggests the issuing judge had restricted the basis of her probable-cause finding to the water usage and window coverings. Thus, we disagree with our dissenting colleague that our determination of counsel's ineffectiveness is based on hindsight. The record here demonstrates that counsel did not base his decision on a reasoned evaluation of the strength of the curtilage claim but, instead, on an unreasonable misunderstanding of the probable-cause evaluations. In these circumstances, we cannot agree counsel made a reasoned, tactical decision to forgo raising the curtilage issue.[1]
¶ 11 As the trial court correctly noted, even if counsel's conduct fell below prevailing professional standards, Smith is not entitled to relief unless he shows a reasonable probability that a motion to suppress claiming detectives improperly entered his curtilage would have been granted. See Denz , 232 Ariz. 441, ¶ 20, 306 P.3d at 104. Because the court did not address this issue below, however, we decline to do so for the first time on review.
¶ 12 We grant review and relief, and we remand the case to the trial court to determine whether Smith has demonstrated resulting prejudice.

We do not suggest that counsel falls below prevailing professional standards by deciding to forgo weaker but arguably tenable claims in favor of stronger claims. Clearly, the decision to focus the trial court on what counsel believes are the strongest arguments can be a reasoned, tactical decision that cannot form the basis of a claim of ineffective assistance. Cf. Febles , 210 Ariz. 589, ¶ 20, 115 P.3d at 636 (reviewing court defers to appellate counsel's decision to eliminate weaker claims). But counsel's stated basis for that decision, if one is provided, must be reasonable. Meeker , 143 Ariz. at 260, 693 P.2d at 915. Nor do we disagree with the trial court that, in some cases, a claim of ineffective assistance must be supported with an expert's opinion that no competent counsel would have acted as trial counsel did. However, where counsel has provided reasons for the decision and those reasons are contradicted by the record, such evidence is not necessary to establish counsel's performance was deficient. See id.