NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT TERRELL GRAVES, *Petitioner*.

No. 1 CA-CR 24-0497 PRPC

FILED 03-18-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2021-030730-001
The Honorable Ronee Korbin Steiner, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jason Easterday
*Counsel for Respondent*

Robert Terrell Graves, Eloy
*Petitioner*

―――――――――――――

**MEMORANDUM DECISION**

―――――――――――――

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge D. Steven Williams joined.

―――――――――――――

**P E R K I N S,** Judge:

**¶1**        Robert Terrell Graves seeks review of the superior court's order denying his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**        A jury convicted Graves of resisting arrest, false reporting to law enforcement, and two counts of aggravated assault on a peace officer. We affirmed his convictions and sentences on direct appeal. *State v. Graves*, 1 CA-CR 22-0508, 2023 WL 5223253, at *3, ¶ 14 (Ariz. App. Aug. 15, 2023) (mem. decision).

**¶3**        Graves' PCR counsel thereafter notified the court that she found no colorable claims for relief, and Graves filed a *pro se* PCR petition arguing ineffective assistance of counsel.

**¶4**        The superior court summarily dismissed Graves' petition, finding it was untimely and that he failed to present a colorable claim for relief. This petition for review followed, in which Graves contends the superior court erred in failing to hold an evidentiary hearing, which would have established that his petition was timely, and that his counsel was ineffective.

**¶5**        "We review for abuse of discretion the superior court's denial of post-conviction relief based on lack of a colorable claim." *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). A colorable claim is one that, if true, "would probably have changed the verdict or sentence." *State v. Amaral*, 239 Ariz. 217, 219–20, ¶¶ 10–11 (2016). To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate "a reasonable probability that but for counsel's unprofessional errors, the outcome of the appeal would have been different." *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995). If successful in presenting a colorable claim, the defendant is entitled to an evidentiary hearing. *Amaral*, 239 Ariz. at 220, ¶ 12.

**¶6**            A defendant must file a notice of post-conviction relief for constitutional PCR claims, including ineffective assistance of counsel claims, "within 90 days after the oral pronouncement of sentence or within 30 days after the issuance of the mandate in the direct appeal, whichever is later." Ariz. R. Crim. P. 32.4(b)(3)(A). Defendants must strictly comply with the provisions of Rule 32 to be entitled to relief. *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005).

**¶7**            This court issued its mandate in Graves' direct appeal in November 2023 and Graves never filed a PCR notice after this date. He has thus failed to comply with Rule 32.4. *See* Ariz. R. Crim. P. 32.4(b)(3)(A). Graves asserts he timely filed his petition but provides no support for this claim besides citing to the 14th Amendment of the United States Constitution. The record adequately supports the superior court's denial of relief because Graves failed to file a notice of post-conviction relief after this court issued its mandate in his direct appeal.

**¶8**            Even if we overlooked his failure to timely file the required notice, Graves is not entitled to relief on the merits of his petition. Graves argues his counsel was ineffective for (1) not filing a motion to dismiss and (2) failing to present excessive force jury instructions. But he provided no basis for concluding that the charges against him were legally deficient and required dismissal, and thus counsel did not err by not moving for dismissal. Ariz. R. Crim. P. 16.4(b); *see State v. Pandeli*, 242 Ariz. 175, 185, ¶ 33 (2017) ("Counsel's failure to make a futile motion does not constitute ineffective assistance of counsel.") (citation omitted). Nor did the evidence warrant an excessive force jury instruction. Graves again provides no basis for his conclusion and does not point to any evidence in the record of unlawful force by the arresting officer. The superior court correctly noted that Graves presents nothing more than his own speculation that giving such an instruction would have caused the jury to reach a different conclusion. *See State v. Tison*, 129 Ariz. 546, 556 (1981) (defendant must present evidence of a provable reality, not mere speculation).

**¶9**            Because Graves failed to present a colorable claim for post-conviction relief, he was not entitled to an evidentiary hearing. *Amaral*, 239 Ariz. at 220, ¶ 12. The superior court did not err by failing to hold such a hearing.

¶10          We grant review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR