NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

GREGORY JUSTIN HARDY, JR., *Petitioner.*

No. 1 CA-CR 25-0252 PRPC
FILED 01-26-2026

Petition for Review from the Superior Court in Yavapai County
No. P1300CR202001039
The Honorable Debra R. Phelan, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Dennis M. McGrane
*Counsel for Respondent*

Gregory Justin Hardy, Jr.
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

**J A C O B S**, Judge:

¶1         Gregory Justin Hardy, Jr. ("Hardy") petitions this court for review from the denial of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure ("Rule") 32.  For the reasons stated below, we grant review of his petition but deny the relief he requests.

## FACTUAL AND PROCEDURAL HISTORY

¶2         In 2019, Hardy was in jail awaiting trial on charges including aggravated assault and burglary.  The jail intercepted two letters addressed to Hardy's dad but written by other inmates in Hardy's cell block.  The letters directed Hardy's father to visit an address associated with the victims of Hardy's crime and offer the victims various incentives, including $500 or Hardy's truck, to drop the charges against him.  Detectives also obtained recordings of phone calls Hardy made to his dad using other inmates' phone accounts in which he asked for his dad's address and whether his dad received the letters.

¶3         While the two letters addressed to Hardy's father were intercepted before they were delivered, a third letter was delivered directly to the victims and turned over to detectives.  This third letter was again written by an inmate who was in contact with Hardy.  The letter urged the victims to "do what you can to set this man free" because Hardy was "an innocent man[.]"  The inmate who sent the letter to the victims later turned over notes or "kites" Hardy sent him with detailed instructions for writing the letter.

¶4         After the detectives completed their investigation, Hardy was indicted on four counts: (1) fraudulent schemes and artifices; (2) obstructing criminal investigations or prosecutions; (3) conspiracy to commit obstructing criminal investigations or prosecutions; and (4) conspiracy to commit tampering with a witness.  After a four-day jury trial, Hardy was found guilty as to all four counts and sentenced to 15.75 years in the Department of Corrections on Count 1, with the lesser sentences on Counts 2-4 running concurrently.  Hardy's convictions and sentences were affirmed on appeal.

¶5         Hardy filed a petition for post-conviction relief ("PCR").  The superior court appointed PCR counsel.  After reviewing the record, PCR counsel filed a petition of no colorable claim pursuant to Rule 32.6(c).  Hardy filed a supplemental pro per petition for PCR, alleging ineffective assistance of counsel ("IAC") during pre-trial, trial, sentencing, direct

appeal, and Rule 32 proceedings. Although framed as an allegation of IAC, Hardy's main complaint was that he did not receive a transcript of jury selection, which inhibited either him or his counsel from raising issues that might have arisen during that process.

¶6         The superior court took Hardy's supplemental pro per petition for PCR as a request under Rule 32.8(b) to have the transcript of *voir dire* prepared and provided to the parties, which it granted. The superior court then allowed the parties additional time after receiving the *voir dire* transcript to file supplemental briefing.

¶7         Hardy's supplemental briefing again alleged IAC, this time arguing: (1) pre-trial and trial counsel were ineffective in failing to interview or call certain witnesses he alleges could have impeached the State's "star" witness; (2) trial counsel was ineffective in failing to call a handwriting expert; (3) trial counsel was ineffective in failing to file a motion to suppress the letters admitted as evidence against him at trial; (4) appellate counsel was ineffective in failing to raise the issue of the superior court's denial of trial counsel's motion for a continuance; (5) PCR counsel was ineffective in failing to raise his earlier stated claims, thus "forcing [Hardy] to proceed pro se"; (6) PCR counsel was ineffective in failing to obtain the *voir dire* transcript; and (7) PCR counsel was ineffective in filing the Rule 32.6(c) notice of no colorable claim and "le[aving Hardy] to fend for [him]self in an unfair fight." None of Hardy's arguments relied on information revealed by the newly obtained *voir dire* transcripts.

¶8         After supplemental briefing, the superior court issued a reasoned decision addressing each issue raised by Hardy and denying his request for relief. The court found no "material issue of fact or law that would entitle [Hardy] to relief." Ariz. R. Crim. P. 32.11(a).

¶9         Hardy timely petitioned for review. We exercise our discretion to grant review. *See* A.R.S. § 13-4239(G); Ariz. R. Crim. P. 33.16(k).

## DISCUSSION

¶10        We review the superior court's decision on a petition for post-conviction relief for an abuse of discretion: here, either legal error or an inadequate investigation of the facts needed to support the decision. *State v. Pandeli*, 242 Ariz. 175, 180 ¶ 4 (2017).

¶11        In his petition for review, Hardy contends the court erred by rejecting his IAC claims without conducting an evidentiary hearing. He

again alleges ineffective assistance of trial, appellate, and PCR counsel, which he urges he could have established if the superior court had allowed him to proceed with an evidentiary hearing.

¶12        In post-conviction relief proceedings, the defendant bears the burden of proving factual allegations by a preponderance of the evidence. Ariz. R. Crim. P. 32.13(c).  To be entitled to an evidentiary hearing, a defendant must state a colorable claim, which requires that he "allege[] facts which, if true, would *probably* have changed the verdict or sentence." *State v. Anderson*, 257 Ariz. 226, 234 ¶ 34 (2024) (quoting *State v. Amaral*, 239 Ariz. 217, 220 ¶ 11 (2016)).

**The Superior Court Did Not Abuse Its Discretion in Finding that Hardy's Factual Allegations Did Not Amount to a Colorable Claim of IAC.**

¶13        In evaluating IAC claims, our courts have adopted the two-part test first set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), requiring both that (1) counsel's performance was deficient considering prevailing professional norms; and (2) a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Anderson*, 257 Ariz. at 233 ¶ 27.  As to the first prong, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Pandeli*, 242 Ariz. at 181 ¶ 7 (quoting *Strickland*, 466 U.S. at 689).

**A.    Hardy Has Not Stated a Colorable Claim of Ineffective Assistance of Trial Counsel.**

¶14        The superior court did not abuse its discretion in finding that Hardy's "claims regarding flaws in trial counsel's representation are tactical decisions solely within the purview of trial counsel."  *See Pandeli*, 242 Ariz. at 182 ¶ 15 ("Disagreements as to trial strategy or errors in trial will not support a claim of ineffective assistance of counsel as long as the challenged conduct could have some reasoned basis." (quoting *State v. Meeker*, 143 Ariz. 256, 260 (1984))).  Hardy has not met his burden of establishing that trial counsel's decision not to call certain witnesses, engage a handwriting expert, or move to suppress the letters was "not a tactical one but, rather, revealed ineptitude, inexperience or lack of preparation." *State v. Bigger*, 251 Ariz. 402, 408 ¶ 10 (2021) (quoting *State v. Goswick*, 142 Ariz. 582, 586 (1984)).

**¶15**          Hardy contends there "are no facts contained in the trial record to support" the superior court's finding that trial counsel's decisions were strategic or tactical. Our supreme court has made clear, however, that the "reasonableness determination can be made without reference to any external authority and without an evidentiary hearing, as trial judges will ordinarily possess the expertise necessary to make such a determination." *Bigger*, 251 Ariz. at 408 ¶ 14. Moreover, the burden is on Hardy to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Pandeli*, 242 Ariz. at 181 ¶ 7 (quoting *Strickland*, 466 U.S. at 689). Hardy has not done so, and as a result the superior court did not abuse its discretion in finding that Hardy's allegations did not amount to a colorable claim of ineffective assistance of trial counsel.

### B.      Hardy Has Not Stated a Colorable Claim of Ineffective Assistance of Appellate Counsel.

**¶16**          "A colorable claim of ineffective assistance of appellate counsel is a claim which, if true, might have changed the outcome." *State v. Febles*, 210 Ariz. 589, 595 ¶ 18 (App. 2005). As with trial counsel, a strong presumption exists that appellate counsel provided effective assistance. *Id.* at 596 ¶ 20. Appellate counsel is afforded wide discretion in judging which issues are appealable and need not "raise every possible or even meritorious issue on appeal." *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995). As a result, "[a]ppellate counsel is not ineffective for selecting some issues and rejecting others," and "appellate counsel's waiver of other possible issues binds the defendant." *Id.* In sum, a claim of ineffective assistance of appellate counsel is not colorable "in the absence of evidence that the failure to raise additional issues fell below prevailing professional norms and would have changed the outcome of the appeal." *Id.*

**¶17**          Hardy argued below that his appellate counsel was ineffective in failing to raise the issue of the superior court's denial of trial counsel's motion for a continuance. But Hardy has not "submit[ted] any evidence from which the court could reasonably conclude that had the other issues been raised, we would have resolved the appeal any differently." *Id.* In fact, on appeal, we addressed each of the issues raised by Hardy in his supplemental brief and "conducted an independent review of the record," which "revealed no fundamental error." *State v. Hardy*, No. 1 CA-CR 22-0298, 2023 WL 3590692, at *3 ¶ 18 (Ariz. App. May 23, 2023). Thus, even if appellate counsel had raised the superior court's denial of trial counsel's motion to continue, it would not have changed the outcome of the appeal. As a result, the superior court did not abuse its discretion in finding

that Hardy's allegations did not amount to a colorable claim of ineffective assistance of appellate counsel.

### C. Hardy Has Not Stated a Colorable Claim of Ineffective Assistance of PCR Counsel.

**¶18** Although Rule 32.5 allows the superior court to appoint PCR counsel for indigent defendants, there is no constitutional guarantee of effectiveness. *State v. Krum*, 183 Ariz. 288, 292 n.5 (1995) ("The United States Supreme Court has made clear that, at least when a defendant is entitled to a direct appeal with the assistance of counsel, there is no constitutional right to counsel or effective assistance in post-conviction proceedings."); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. . . . Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.").

**¶19** Moreover, even if we were to apply the *Strickland* analysis as the superior court did, Hardy has still not stated a colorable claim for relief. The superior court correctly noted that Hardy's disagreement with PCR counsel's assessment is not a basis to find the representation ineffective. PCR counsel fully complied with Rule 32.6(c) in filing the notice of no colorable claim. And even if PCR counsel were ineffective in failing to obtain the *voir dire* transcript, Hardy nevertheless obtained the transcript, rendering the issue moot. Hardy did not rely on any information revealed by the transcript in his supplemental briefing, and the superior court independently reviewed the transcript and found no merit to Hardy's challenges to the *voir dire* process. Again, even if PCR counsel had obtained the *voir dire* transcripts, Hardy's PCR petition would not have been resolved any differently.

### CONCLUSION

**¶20** For the foregoing reasons, we grant review but deny relief.

