NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOE MCKENZIE, *Petitioner*.

No. 1 CA-CR 23-0377 PRPC
FILED 06-27-2024

Petition for Review from the Superior Court in Maricopa County
No. CR2017-141324-001
The Honorable Katherine Cooper, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Johnny Jacquez
*Counsel for Respondent*

Law Office of Stephen M. Johnson Inc., Phoenix
By Stephen M. Johnson
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Maria Elena Cruz joined.

**B A I L E Y**, Judge:

¶1          Joe McKenzie petitions for review of the superior court's order denying his post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure ("Rule") 32.  We grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2          McKenzie and his then-wife Claire[1] separated in early 2017, and she obtained an order of protection against him.  In July 2017, McKenzie entered Claire's home without her permission, threw objects at her, and pointed a gun at her.  Claire reported the incident to police officers. In August 2017, McKenzie again entered Claire's home without her permission, pointed a gun at her, and demanded she retract her July 2017 report.  He then forced her to engage in sexual intercourse.  Claire reported the incident to police officers and submitted to a sexual assault examination, which confirmed the presence of McKenzie's DNA profile on her genitals.  Two days later, police officers found McKenzie near his mother's home, hiding in a neighbor's yard with a gun to his head.  Police officers took him into custody after an hours-long standoff.

¶3          The jury convicted McKenzie of aggravated harassment, a class 6 felony, for the July 2017 incident, as well as sexual assault, a class 2 felony, first-degree burglary, a class 2 felony, disorderly conduct, a class 6 felony, aggravated harassment, a class 6 felony, and first-degree criminal trespass, a class 1 misdemeanor, for the August 2017 incidents.  The jury found aggravating factors, and the superior court sentenced McKenzie to a combined term of 19 years' imprisonment.

¶4          McKenzie appealed his convictions and sentences, arguing the superior court erred by refusing his request for a *Willits* jury instruction and that insufficient evidence supported his aggravated harassment conviction for the July 2017 incident.  *State v. McKenzie*, 1 CA-CR 20-0317, 2021 WL 2425900, at *2–3, ¶¶ 9, 14 (Ariz. App. June 15, 2021) (mem. decision). We disagreed, and affirmed his convictions and sentences.  *Id*. at *3–4, ¶¶ 13, 16–18.

¶5          McKenzie petitioned for PCR, claiming the superior court erred by allowing the State to elicit testimony regarding a prior domestic violence report and denying various pre-trial, trial, and post-trial motions.

---

[1] We use a pseudonym to protect the victim's privacy.

He also asserted ineffective assistance of counsel, arguing his appellate counsel failed to raise prosecutorial misconduct and other issues raised at trial. The court found McKenzie's ineffective assistance of appellate counsel claim non-colorable, concluding that he failed to support his petition with evidence, detailed facts, or sufficient argument that counsel's performance "fell below the standard of care." The court found the remaining claims waived and precluded. The court summarily denied relief, and this petition for review followed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 13-4239(C) and Rule 32.16(a)(1).

## DISCUSSION

**¶6** We review the superior court's decision to deny a petition for PCR for an abuse of discretion, and we will affirm that decision if it is "legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015) (citation omitted). Whether McKenzie's appellate counsel was ineffective is a mixed question of fact and law, and we review the court's legal conclusions de novo. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017).

**¶7** McKenzie's claims involving evidentiary issues and the court's ruling on his motions fell under Rule 32.1(a). *See* Ariz. R. Crim. P. 32.1(a) (providing a remedy for constitutional violations). "A defendant is precluded from relief under Rule 32.1(a) based on any ground . . . waived at trial or on appeal." Ariz. R. Crim. P. 32.2(a)(3). McKenzie waived these issues on appeal and was therefore precluded from raising them in a subsequent PCR proceeding. *See id.* The superior court did not abuse its discretion by denying relief based on these claims.

**¶8** As to McKenzie's ineffective assistance of counsel claim, a colorable claim of relief is "one that, if the allegations are true, might have changed the outcome." *State v. Runningeagle*, 176 Ariz. 59, 63 (1993) (citation omitted). "To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). There is a "strong presumption" that appellate counsel provided effective assistance. *Id.* at ¶ 22 (citation omitted). Appellate counsel must evaluate the record and select "the most promising issues to present." *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995). We do not require counsel to "raise every possible or even meritorious issue on appeal." *Id.* The strategic "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate

advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)).

**¶9**        Under this standard, McKenzie failed to overcome the presumption that counsel used professional judgment to select the strongest arguments for the appeal. *See Herrera*, 183 Ariz. at 647. He also failed to explain how the outcome of the appeal might have been different. *See Runningeagle*, 176 Ariz. at 63. Before trial, the superior court acted within its discretion in denying McKenzie's motion to sever the July and August 2017 offenses, finding them cross-admissible and properly joined under Rules 13.3 and 13.4. *See* Ariz. R. Crim. P. 13.4(b). Because there was no error, appellate counsel was not ineffective by not raising the issue on appeal.

**¶10**        The superior court also properly denied McKenzie's motions for mistrial and new trial based on alleged prosecutorial misconduct and disclosure violations. During trial, McKenzie learned that a witness provided new, inconsistent statements during the State's trial preparation with the lead detective. The court gave McKenzie time to interview the detective, and permitted cross-examination on the inconsistent statements. The alleged disclosure violation did not warrant a new trial, and the court's chosen remedy cured any potential prejudice to the defense. *See State v. Martinez-Villareal*, 145 Ariz. 441, 448 (1985) ("In order for a reviewing court to find an abuse of discretion, appellant must demonstrate that he suffered prejudice by nondisclosure.") (citation omitted); *State v. Adamson*, 136 Ariz. 250, 262 (1983) ("A declaration of a mistrial is the most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted.") (citation omitted).

**¶11**        As to the State's elicitation of testimony regarding a prior domestic violence report, during McKenzie's cross-examination of Claire, he implied that she had either not reported or falsely reported prior domestic violence incidents. He therefore "opened the door" to limited testimony involving a prior domestic violence report that resulted in a criminal charge. On this record, appellate counsel's decision not to raise this issue on appeal did not fall below objectively reasonable standards. *See State v. Hausner*, 230 Ariz. 60, 78–79, ¶ 73 (2012) (allowing the admission of prior acts when the defendant "opened the door to such evidence"); *Pool v. Superior Court*, 139 Ariz. 98, 103 (1984) ("We recognize that where one party injects improper or irrelevant evidence or argument, the 'door is open,' and the other party may have a right to retaliate by responding with comments or evidence on the same subject.") (citation omitted).

¶12 McKenzie has failed to establish a colorable claim of ineffective assistance of appellate counsel. The superior court did not abuse its discretion by denying him relief on that basis.

## CONCLUSION

¶13 We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AGFV